**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**SOUTHERN DIVISION**
**PIKEVILLE**

| | | |
|---|---|---|
| **STEVEN DOUGLAS BELCHER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **NO. 7:22-cv-39-GFVT-MAS** |
| | ) | |
| **JOHNSON COUNTY KENTUCKY** | ) | |
| **SHERIFF'S DEPARTMENT, et al.,** | ) | |
| | ) | |
| **Defendants.** | | |

## REPORT & RECOMMENDATION

Over five months ago, Plaintiff Steven Douglas Belcher ("Belcher") filed this Complaint against certain Defendants. [DE 1]. Since that time, Belcher has made no effort to pursue this case or serve two of the Defendants. Of the two Defendants that were served, they filed a motion to dismiss on May 23, 2022, that has gone unanswered by Belcher.

On October 3, 2022, the undersigned entered an Order demanding that Belcher show cause why the case should not be dismissed based upon the unopposed motion to dismiss filed by the served Defendants and dismiss the claims against the unserved Defendants for failure to prosecute his claims. [DE 12]. Once again, Belcher did not respond.

As detailed below, the undersigned recommends the Court dismiss Belcher's claims against Defendants with prejudice.

## I.    ANALYSIS

### A.    THE MOTION TO DISMISS

As set forth in the Court's show cause Order [DE 12], Defendants Johnson County Kentucky Sheriff's Department and Doug Saylor ("Johnson County" and "Saylor") filed a motion

to dismiss arguing that Belcher's claims were time barred. [DE 9]. Namely, Belcher alleges in the Complaint that he suffered a violation of his civil rights pursuant to 42 U.S.C. § 1983 on February 3, 2020. [DE 1 at Page ID# 4]. Yet, Belcher filed the Complaint in this action on May 3, 2022, approximately fifteen months after his alleged injury.

"Section 1983 does not contain its own statute of limitations period, but it is well settled that constitutional claims asserted under Section 1983 are governed by the state personal injury statute of limitations." *Stucker v. Louisville Metro Government*, 2021 WL 3754548, at *2 (W.D. Ky. 2021) (citing cases). Thus, Kentucky's one-year statute of limitations for personal injury actions applies to Belcher's claims. KRS § 413.140(1)((A). And while "a motion under Rule 12(b)(6), which considers only the allegations in the complaint, is generally an inappropriate vehicle for dismissing a claim based upon the statute of limitations. But, sometimes the allegations in the complaint affirmatively show that the claim is time-barred. When that is the case, as it is here, dismissing the claim under Rule 12(b)(6) is appropriate." *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012).

Consequently, Belcher's claims against Johnson County and Saylor are plainly time barred. The undersigned recommends the Court grant Johnson County and Saylor's motion to dismiss.

**B.    SERVICE OF PROCESS**

FED. R. CIV. P. 4 requires the plaintiff to serve a defendant with a summons and copy of the complaint within 90 days after the complaint is filed. *See* FED. R. CIV. P. 4(b), 4(m). There is no indication that Belcher has served Defendant Roger Workman, Jr., or Defendant Compliant Technologies, and the time for doing so has now well passed.[1] Although the parties proceeding

---

[1] Though there is no proof of service for any defendant, Johnson County and Saylor did not present any arguments related to service of process, thus, the Court does not address them herein. It is unclear to the Court whether these parties were properly served, but they have entered an appearance and filed a responsive pleading.

2

pro se are granted some leniency, they are expected to be familiar with and follow this district's Local Rules and the Federal Rules of Civil Procedure.

FED. R. CIV. P. 41(b) states in relevant part that, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." FED. R. CIV. P. 41(b). District courts may use this rule "as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999). Courts consider four factors to determine whether Rule 41(b) should be applied to dismiss an action:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Id.* (citing *Stough v. Mayville Community Sch.*, 138 F.3d 612, 615 (6th Cir. 1998)).

First, there is no evidence that Belcher wishes to participate in this litigation or serve the remaining Defendants. The Court gave him ample warning to which Belcher took no action. Second, the remaining Defendants are prejudiced by Belcher's inaction because, as long as the action remains pending, they are subject to potential liability. Third, as already indicated, Belcher was warned by the Court. [DE 12 ("The Court will require Belcher to show cause why his Complaint as to these two defendants should not be dismissed for failure to prosecute pursuant to FED. R. CIV. P. 41, due to ineffective service of process.")]. And finally, the Court has allotted nearly five months for Belcher to take some kind of action—any kind of action—in this case to no avail. The Court is left with no other choice.

The undersigned also recommends the Court dismiss with prejudice Belcher's claims against Defendant Roger Workman, Jr., or Defendant Compliant Technologies.

## II.    CONCLUSION

For the reasons stated above, the undersigned **RECOMMENDS** the Court **GRANT** Defendants Johnson County and Saylor's motion to dismiss [DE 9] and **DISMISS WITH PREJUDICE** Belcher's claims against Defendants Roger Workman, Jr., and Compliant Technologies for failure to prosecute.  Pursuant to FED. R. CIV. P. 72 and 28 U.S.C. § 636(b)(1)(B), the parties shall have fourteen days to file objections to this Report and Recommendation, for de novo consideration by Judge Van Tatenhove.

Entered this 9th day of November, 2022.

MATTHEW A. STINNETT
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF KENTUCKY

4