UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

STEPHEN DOUGLAS BELCHER,    )
                           )
    Plaintiff,             )
                           )      Civil No. 7:22-cv-00039-GFVT-HAI
v.                         )
                           )            **ORDER**
JOHNSON COUNTY, KENTUCKY   )
SHERIFF'S DEPARTMENT, *et al.*,  )
                           )
    Defendants.            )

*** *** *** ***

This matter is before the Court on a Report & Recommendation filed by United States Magistrate Judge Matthew A. Stinnett.  [R. 13.]  The Plaintiff, Stephen Douglas Belcher, filed a *pro se* complaint under 42 U.S.C. § 1983 alleging the Defendants violated his civil rights.  [R. 1.] He only served two of the four defendants.  [R. 13 at 1.]  The two served defendants filed a Motion to Dismiss, arguing the complaint was filed after the one-year statute of limitations expired.  [R. 9.]   Mr. Belcher did not respond, nor did he respond to Judge Stinnett's show cause order.  [*See* R. 12.]  The Court referred this case to Judge Stinnett, who prepared a Report & Recommendation.  [R. 6; R. 13.]

After considering the record, Judge Stinnett determined that the Motion to Dismiss should be granted.  Mr. Belcher alleges the Defendants violated his civil rights on February 3, 2020 and filed his complaint on May 3, 2022.  [R. 1.]  Kentucky's one-year statute of limitations for personal injury actions applies to Mr. Belcher's claims.  [R. 13 at 2 (citing *Stucker v. Louisville Metro Government*, 2021 WL 3754548, at *2 (W.D. Ky. Aug. 24, 2021)).] Accordingly, Judge Stinnett found that dismissal is warranted because the complaint

"affirmatively show[s] that the claim is time-barred." *Id.*

Judge Stinnett also recommended that the Court dismiss the complaint as to the unserved defendants for failure to prosecute. He found "no evidence that Belcher wishes to participate in this litigation or serve the remaining Defendants" because he had "ample warning" and still failed to act. *Id.* at 3. Specifically, Mr. Belcher did not respond to Judge Stinnett's order to show cause as to (1) why the Motion to Dismiss should not be granted and (2) why his claims against the unserved defendants should not be dismissed with prejudice for failure to prosecute. [R. 12.] Judge Stinnett found that Mr. Belcher had failed to prosecute his case, so the remaining claims should be dismissed with prejudice under Rule 41(b). [R. 13 at 3.] Mr. Belcher did not file objections to the Report and Recommendation.

Generally, this Court must make a *de novo* determination of those portions of a recommended disposition to which objections are made. 28 U.S.C. § 636(b)(1)(c). When no objections are made, however, this Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard . . . ." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Parties who fail to object to a Magistrate's Report and Recommendation are also barred from appealing a district court's order adopting that Report and Recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Nevertheless, this Court has considered the record and it agrees with the Magistrate Judge's recommendation. Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1.      Magistrate Judge Matthew A. Stinnett's Report and Recommendation [**R. 13**] is **ADOPTED** as and for the Opinion of the Court;

2.      Defendants Johnson County and Saylor's Motion to Dismiss **[R. 9]** is **GRANTED**;

2

3.      Mr. Belcher's claims against Defendants Johnson County and Saylor are **DISMISSED WITH PREJUDICE**;

4.      Mr. Belcher's claims against Defendants Roger Workman, Jr. and Compliant Technologies are **DISMISSED WITH PREJUDICE** for failure to prosecute; and,

5.      All claims having been dismissed, this case shall be **STRICKEN** from the Court's active docket.

This the 1st day of December, 2022.

Gregory F. Van Tatenhove
United States District Judge